**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP A. BONADONNA,              :
                                   :    Civil Action No.  11-1763(JBS)
         Petitioner,               :
                                   :
     v.                            :    OPINION
                                   :
UNITED STATES OF AMERICA,          :
et al.,                            :
                                   :
         Respondents.              :

APPEARANCES:

<u>Petitioner pro se</u>
Philip Anthony Bonadonna
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, District Judge**

Petitioner Philip Anthony Bonadonna("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(1).[1]  The respondents are the United States of America and Warden Donna Zickefoose.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- (1) He is in custody under or by color of the authority of the United States, or ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## I.  BACKGROUND

Petitioner is a seventy-eight year old male who has been in the custody of the Bureau of Prisons for the past twenty-seven years.  In his petition, Petitioner asserts that through a memo issued on March 15, 2011, prisoners were advised that Dr. Lopez would be evaluating all inmates who currently have a soft shoe pass to see if she can help with their foot problems.  On March 18, 2011, Dr. Lopez examined Petitioner for an hour and twenty minutes and determined that he did not need a soft shoe pass, despite having had one for the past twenty-seven years.

Petitioner requests "ordinary and necessary medical care for his feet by allowing him to keep his soft shoes."  Petitioner did not submit the filing fee or an application to proceed in forma pauperis.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

**III. ANALYSIS**

This court lacks jurisdiction in habeas to hear Petitioner's challenge to Dr. Lopez's recommendation that his soft shoe pass not be renewed. Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction. Petitioner will be granted leave to pursue his claims in a civil rights action.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242

3

(2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights

4

action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to revocation of his soft shoe pass, is the type of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief, if at all.  The Court does not offer an opinion whether the failure to issue a soft shoe pass violates any right of federal constitutional dimension, as required for a civil rights action.

Because Petitioner has not prepaid the $350.00 filing fee, and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action or from the dismissal of a civil rights action, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915(g).  Instead, this Petition will be dismissed and the Clerk of the Court will be directed to open a new, civil action.  Petitioner will be granted leave to advise the Court whether he wishes to proceed with this matter as a civil action.  If so, Mr. Bonadonna must submit an

5

Amended Complaint and the $350.00 filing fee or a complete Application for leave to proceed in forma pauperis, within thirty (30) days of the entry of this Opinion and Order.

This Court expresses no opinion as to the merits of Petitioner's claim.

**IV. CONCLUSION**

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

                                   s/ Jerome B. Simandle
                                   JEROME B. SIMANDLE
                                   United States District Judge

Dated: **May 31, 2011**