**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHILIP A. BONADONNA,     :

                            :     Civil Action No.  11-1763(JBS)

          Petitioner,   :

                            :

          v.            :     OPINION

                            :

UNITED STATES OF AMERICA,    :

et al.,                 :

                            :

          Respondents.  :

APPEARANCES:

Philip Anthony Bonadonna, Petitioner pro se
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, District Judge**

Petitioner, Philip Anthony Bonadonna ("Petitioner"), filed a motion for reconsideration of this Court's May 31, 2011 Opinion and Order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and granting Petitioner leave to pursue his claims in a civil rights action. This motion is being decided without oral argument pursuant to FED.R.CIV.P. 78. For the following reasons, the motion will be denied.

## I.  BACKGROUND

Petitioner's underlying claims and the background of this case were explained in this Court's May 31, 2011 Opinion as follows:

> Petitioner is a seventy-eight year old male who has been in the custody of the Bureau of Prisons for the past twenty-seven years. In his petition, Petitioner asserts that through a memo issued on March 15, 2011, prisoners were advised that Dr. Lopez would be evaluating all inmates who currently have a soft shoe pass to see if she can help with their foot problems. On March 18, 2011, Dr. Lopez examined Petitioner for an hour and twenty minutes and determined that he did not need a soft shoe pass, despite having had one for the past twenty-seven years. Petitioner requests "ordinary and necessary medical care for his feet by allowing him to keep his soft shoes."

See Docket Entry No. 2, Opinion at 2.

This Court dismissed the petition without prejudice for lack of jurisdiction because Petitioner's challenge to the revocation of his soft shoe pass, is the type of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief, if at all.  (See Opinion at 5.)  This Court further found that:

> [a] habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).

(Opinion at 3-4.)

This Court ordered the Clerk of the Court to open a new civil action and file the petition as a complaint received therein. Petitioner was given thirty days to indicate his desire to proceed with his claims in the newly-opened civil action by submitting an amended complaint and either the $350 filing fee or a complete in forma pauperis application.  (Order at 1-2.)

On June 7, 2011, Petitioner filed an appeal of the Court's May 31st Opinion and Order. (Docket Entry No. 4.)  Thereafter, on June 29, 2011, Petitioner filed the instant motion for reconsideration currently pending before this Court.  (Docket Entry No. 7.)

## II.   DISCUSSION

## A.   Legal Standard

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  <u>See</u> L. Civ. R. 7.1(i).[1]  The standard for re-argument is

---

[1] L. Civ. R. 7.1(i) states:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59) a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The present motion is timely when considered under the 28-

high and reconsideration is to be granted only sparingly.  See

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The

movant has the burden of demonstrating either: "(1) an intervening

change in the controlling law; (2) the availability of new evidence

that was not available when the court [issued its order]; or (3)

the need to correct a clear error of law or fact or to prevent

manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d

669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA

Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court

will grant a motion for reconsideration only where its prior

decision has overlooked a factual or legal issue that may alter the

disposition of the matter.  See Compaction Sys. Corp., 88 F.

Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked'

is the operative term in the Rule."  Bowers v. National Collegiate

Athletic Ass'n, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation

omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

     Moreover, L. Civ. R. 7.1(i) does not allow parties to restate

arguments which the court has already considered.  See G-69 v.

Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of

opinion with the court's decision should be dealt with through the

normal appellate process.  See Bowers, 130 F. Supp.2d at 612

---

day period of Rule 59 (motion to amend a judgment) or the longer
period of Rule 60 (relief from a judgment), since this motion for
reconsideration of the Court's Opinion and Order of May 31, 2011
was postmarked June 27, 2011 and received for filing June 28,
2011.

(citations omitted); <u>Florham Park Chevron, Inc. v. Chevron U.S.A.,</u>

<u>Inc.</u>, 680 F. Supp. 159, 162 (D.N.J. 1988); <u>NL Industries, Inc. v.</u>

<u>Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996)

("Reconsideration motions ...  may not be used to re-litigate old

matters, or to raise arguments or present evidence that could have

been raised prior to the entry of judgment.").   In other words,

"[a] motion for reconsideration should not provide the parties with

an opportunity for a second bite at the apple."  <u>Tishcio v. Bontex,</u>

<u>Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Rule 60(b) provides, in pertinent part:

> On  motion  and  just  terms,  the  court  may
> relieve a party or its legal representative
> from  a  final  judgment,  order,  or  proceeding
> for the following reasons:
> (1)  mistake,  inadvertence,  surprise,  or
> excusable neglect;
> (2)  newly  discovered  evidence  that,  with
> reasonable  diligence,  could  not  have  been
> discovered  in  time  to  move  for  a  new  trial
> under Rule 59(b);
> (3) fraud (whether previously called intrinsic
> or   extrinsic),   misrepresentation,   or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released
> or  discharged;  it  is  based  on  an  earlier
> judgment that has been reversed or vacated; or
> applying  it  prospectively  is  no  longer
> equitable; or
> (6) any other reason that justifies relief.

FED.R.CIV.P. 60(b).

"The general purpose of Rule 60(b) ... is to strike a proper

balance between the conflicting principles that litigation must be

brought  to  an  end  and  that  justice  must  be  done."   <u>Boughner v.</u>

Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

Relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome...The remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." Tischio, 16 F. Supp.2d at 533(internal citations omitted). To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal. It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

**B. Legal Analysis**

In Petitioner's motion for reconsideration (Docket Entry No. 7), he argues that this Court does have jurisdiction over his § 2241 petition. He argues that his claim is not a civil action against an individual, but rather is a complaint against FCI Fort Dix for a denial of ordinary and necessary medical treatment. (Pet.'s Br. at 3.) Petitioner further argues that had he "sought

damages and/or sued individual prison staff, then a petition under the Bivens act would have been the proper avenue to pursue his issue."  (Id. at 4.)

Petitioner has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  This Court's opinion dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and granting Petitioner leave to pursue his claims in a civil rights action is correct.  Whether or not he is permitted to wear special footwear is an issue relating to his conditions of confinement, and not to the fact or duration of confinement. Although Petitioner disagrees with this Court's decision, he is not entitled to relief on his motion.

Furthermore, to the extent Petitioner intended his motion to be treated as one made pursuant to FED. R. Civ. P. 60, Petitioner has not demonstrated that he satisfies any of the reasons warranting the extraordinary Rule 60(b) relief.  Specifically, he has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6). Nothing Petitioner presents in his motion convinces this Court that

"extraordinary circumstances" exist which warrant 60(b) relief.
Thus, Petitioner is not entitled to relief under Rule 60(b).

## III.  CONCLUSION

For the reasons set forth above, Petitioner's motion will be
denied.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       United States District Judge

Dated:  **August 18, 2011**